IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv230

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| 3039.375 POUNDS OF COPPER COINS, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the government's Motion to File Exhibit Under Seal Pursuant to 18 U.S.C. § 981(g)(5) and Motion to Stay Civil Proceedings Pursuant to 18 U.S.C. § 981(g)(1).

First, the court has considered the motion to seal the affidavit that supports the motion to stay. Section 981(g)(5) provides that the government may, in appropriate cases, submit evidence to the court in an *ex parte* manner to avoid disclosing matters that may adversely impact an ongoing criminal investigation. The government has met both criteria of Section 981(g)(5), and the court will not further elaborate inasmuch as discussion of the substance of the affidavit could well have the same adverse impact. The court has also considered the requirements for sealing under

Local Civil Rule 6.1, which provides

> **(C) Motion to Seal or Otherwise Restrict Public Access.** A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth: (1) a non-confidential description of the material sought to be sealed; (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal; (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (4) supporting statutes, case law or other authority.

L.Cv.R. 6.1(C). The government has fully met each of these criteria. The court will, therefore, grant the government's Motion to File Exhibit Under Seal Pursuant to 18 U.S.C. § 981(g)(5) and hereby approves the filing of the proffered affidavit under seal, *nunc pro tunc*.

Second, the court will now consider the Motion to Stay Civil Proceedings Pursuant to 18 U.S.C. § 981(g)(1). The government has shown that there is an on going criminal investigation that is related to the facts alleged in this civil forfeiture action. Docket Entry # 4, at ¶ 2. The court has considered the averments of the United States Attorney concerning the circumstances of the investigation, which are contained in the sealed exhibit (Docket Entry #5), and, based on such averments, the court determines that civil discovery in this matter will adversely affect the ability of the government to conduct a related criminal investigation of the prosecution of a

related criminal case. 18 U.S.C. § 981(g)(1). Further, the court finds that in staying such matter, the fifth amendment rights of potential claimants are protected. The Motion to Stay Civil Proceedings Pursuant to 18 U.S.C. § 981(g)(1) will, therefore, be granted and discovery as well as all other proceedings in this civil matter shall be stayed for six months, at which time such stay shall automatically dissolve unless the government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

### ORDER

**IT IS, THEREFORE, ORDERED** that the government's

(1) Motion to File Exhibit Under Seal Pursuant to 18 U.S.C. § 981(g)(5) (#3) is **GRANTED**, and the government's filing of Docket Entry #5 under seal is **ALLOWED** *nunc pro tunc*;

(2) Motion to Stay Civil Proceedings Pursuant to 18 U.S.C. § 981(g)(1). (#4) is **GRANTED,** and discovery as well as all other proceedings in this civil matter are **STAYED** for six months, at which time such stay shall automatically dissolve unless the government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Signed: June 20, 2008

*[signature: Dennis E. Howell]*

Dennis L. Howell
United States Magistrate Judge