# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv230

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| 3039.375 POUNDS OF COPPER ) | |
| COINS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on claimants' Motion to Lift Stay and to unseal Orders, Motions, Pleadings, Exhibits, and Transcripts (#35). The court also has before it the government's "Reply to Motion to Lift Stay and to unseal Order, Motions, Pleadings, Exhibits, and Transcripts Civil Proceedings (#38)(errors in the original), which the court deems to be the government's *Response*, and the claimants' Reply.

The culmination of the arguments is found in claimants' reply, where they primarily rely on two decisions to support their contention that the stay should be lifted. Each of these citations will be considered *seriatim*.

First, claimants cite United States v. All Funds on Deposit in Any Account, 767 F.Supp. 36, 42 (E.D.N.Y. 1991) for two propositions:

(1) that the government must show this court a compelling reason to not lift the stay; (claimants' Reply, at 3) and

(2) that such case, which found that the government had not shown a

-1-

compelling reason for the stay, serves as "legal authority" for this court to lift the stay. Id., at 4.

Claimants even argue that the government's contentions in this case are analogous to "the failed contentions of the government" in All Funds. Id.

What claimants fail to point out in their reply is that All Funds was decided before Congress amended 18, United States Code, Section 981(g), to provide for an automatic stay of civil forfeiture actions. In 1991 when All Funds was decided, Section 981(g) provided as follows:

> (g) The filing of an indictment or information alleging a violation of law, Federal, State or local, which is also related to a forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the forfeiture proceeding.

18 U.S.C. § 981 (1991). The court in All Funds clearly construed the good cause standard found in the statute to require that the government show a "compelling reason" for imposing the stay. After the decision in All Funds, but before enactment of Section 981(g) in its current form, both the provision and the interpretation of such provision by the courts was criticized in a 1993 law review article:

> Under current law, the government must move for a stay and must carry the burden of justifying its imposition. . . . Based on the showing of good cause required by these sections, courts have imposed varying burdens upon the government in considering whether to grant a stay. For example, a number of courts have analogized the motion for a stay to an application for a preliminary injunction, and have thus held that the government must demonstrate: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the stay is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the stay may do to the claimant, (4) that granting the stay will not disserve the public interest. Other courts have stated that "the government should at least be required to make a specific showing of the harm it will suffer without a stay and

why other methods of protecting its interests are insufficient." Furthermore, courts have held that the potential abuse of civil discovery does not justify a stay under these provisions. Rather, a motion for a stay must be made in response to abusive discovery requests. Courts have also grappled with the issue of whether the parallel criminal case is sufficiently related to the civil forfeiture action to justify a stay.

>   These statutory provisions were intended to facilitate the issuance of stays. In enacting these sections, "Congress anticipated that compelling discovery in the context of a civil forfeiture proceeding might force the Government to prematurely disclose information in the related criminal proceeding that it would not otherwise have to do." Thus, it was the intent of Congress that these sections would protect the government by facilitating the entry of stays in civil forfeiture cases.

"Reforming Civil Forfeiture Law: The Case for an Automatic Stay Provision," 67 St. John's L. Rev. 705, 707 -710 (Fall1993)(footnotes omitted).

Subsequent to the decision in All Funds and such commentary, Congress reformed the civil forfeiture laws, eventually providing the current version of Section 981(g)(1), which provides as follows:

> (g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1) (2008). Thus, this court will, *infra*, apply the standard contained in the current version of Section 981(g)(1) and determine whether discovery in this case would adversely impact the ability of the government to either conduct a related criminal investigation or the prosecution of a related criminal case.

Second, claimants have cited the court to Virginia Dept. of State Police v. Washington Post, 386 F.3d 567 (4th Cir. 2004), for the proposition that a "stay is never mandatory based upon the unilateral allegations of one party." Reply, at 5. This court is most familiar with the appellate court's decision in Washington Post, as

such decision and its progeny were recently considered and followed in the formulation of this court's Local Civil Rule governing sealing. L.Civ.R. 6.1. In Washington Post, the court dealt with the first amendment implications of a court sealing civil matters. The appellate court determined that the lower court should weigh the competing interests, consider less drastic alternatives to sealing, and allow for public challenge to the request before sealing civil matters. Id., at 576. Thus, claimants' reliance on Washington Post is misplaced as "sealing" and "staying" are distinct judicial acts and do not bear on the same constitutional concerns.

The court will now apply the appropriate standard found in Section 981(g)(1) to the motion filed by claimants. First, constituting law of the case, the court has already found that the government met the Section 981(g)(1) standard, finding on June 20, 2008, as follows:

> the court will now consider the Motion to Stay Civil Proceedings Pursuant to 18 U.S.C. § 981(g)(1). The government has shown that there is an on going criminal investigation that is related to the facts alleged in this civil forfeiture action. Docket Entry # 4, at ¶ 2. The court has considered the averments of the United States Attorney concerning the circumstances of the investigation, which are contained in the sealed exhibit (Docket Entry # 5), and, based on such averments, the court determines that civil discovery in this matter will adversely affect the ability of the government to conduct a related criminal investigation <u>of</u> the prosecution of a related criminal case. 18 U.S.C. § 981(g)(1). Further, the court finds that in staying such matter, the fifth amendment rights of potential claimants are protected. The Motion to Stay Civil Proceedings Pursuant to 18 U.S.C. § 981(g)(1) will, therefore, be granted and discovery as well as all other proceedings in this civil matter shall be stayed for six months, at which time such stay shall automatically dissolve unless the government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Docket Entry #7 (emphasis added for purposes of noting the word should have been

"or," and such correction is made *nunc pro tunc*). The court has also considered the additional evidentiary material (Sealed Pleading #37) filed *in camera* that is responsive to claimants' motion. Having carefully considered such material, the court finds that reasons which supported imposition of the June 20, 2008, stay support not only justify keeping the stay in place, but support a further enlargement of the stay for an additional six months. Without revealing or compromising the investigation, the court will simply state that the government's criminal investigation is both active and ongoing. The court specifically finds that civil discovery would adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case.

Finally, the court has considered the government's Motion to File Exhibit Under Seal (#36), to which no response has been filed. In accordance with Local Civil Rule 6.1, the court has considered the request as follows: (1) weighing the competing interests, finds that the government's as well as the public's interest in secrecy concerning on an ongoing criminal investigation outweighs disclosure of such exhibit; (2) there are no alternatives to sealing that would protect the government's investigation; and (3) no public challenge has been made to the request. Further, the court finds that sealing is anticipated by Section 981(g)(5) for such documents. Having considered the factors in Local Civil Rule 6.1(C), the court will allow such document to be sealed *nunc pro tunc*.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Motion to Lift Stay and to unseal Orders, Motions, Pleadings, Exhibits, and Transcripts (#35) is **DENIED**, the government's Motion to File Exhibit Under Seal Pursuant to 18 U.S.C. § 981(g)(5) (#36) is **ALLOWED**, and the **STAY** imposed on June 20, 2008 is **EXTENDED** by six months and shall be **LIFTED** automatically on June 20, 2009, unless further evidence is presented by the government supporting the continuation of such stay under Section 981(g)(1).

Signed: October 21, 2008

Dennis L. Howell
United States Magistrate Judge