# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv230

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **3039.375 POUNDS OF COPPER** ) | |
| **COINS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on Zeke Layman's "*Ex Parte* Motion to Intervene as Defendant," which was received by the court on or about April 13, 2009. Neither the motion nor the brief contains a certificate of service. Mr. Layman was previously advised that

> all future claims, answers, or motions need to be filed in a manner that reflects that copies of the pleading have been served on counsel for all parties or claimants of record

Docket Entry #30, at 2-3. Thus, the motion will be denied from the outset for failure to provide a certificate of service.

Mr. Layman's motion also has procedural defects. In this motion, Mr. Layman seeks to intervene under Rule 24(a), Federal Rules of Civil Procedure. Previously, Mr. Layman filed a Motion to Intervene for Detinue and Delivery of Properties, which was denied. He was therein advised that "a number of claimants have, with the assistance of counsel, filed claims and answers during the pendency of the stay." Id. Mr. Layman was also advised that

> this action was brought by the United States under 18, United States Code, Sections 98 & 492, with the procedures mandated by Section 983 of that title, which require the parties and the court to follow not only the Federal Rules of Civil Procedure, but also Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.[1]
>
> Those procedures provide an avenue for a person who claims an interest in the defendant property to both make a claim that they own the property and to answer the government's complaint seeking forfeiture. Put another way, the type of relief Mr. Layman seeks through detinue and delivery at common law must now be sought through claim and answer. Rule G(5)(a), of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, specifies the requirements for filing a "claim" to the property and Rule G(5)(b) specifies the requirements for the filing of an Answer to the Amended Complaint.

Id., at 2. Mr. Layman was also cautioned that it was inappropriate for him to make *ex parte* filings:

> While there are a number of situations which justify an *ex parte* communication with the court, there is, respectfully, nothing in the instant pleading that would warrant consideration of Mr. Layman's motion without notice to and the participation of the government and counsel for the claimants.

Id.

Mr. Layman is now cautioned that by continuing to file *ex parte* pleadings, he is disobeying the instructions of this court and that further disobedience may result in the imposition of sanctions, which could include a limitation of his right to make filings with the Clerk without court approval. The court has no desire to impose such a harsh sanction as access to the courts is a core value; however, the repeated filing of such improper pleadings cannot be tolerated as it wastes the scant resources of the

---

[1] Title 19 U.S.C. 1602-1621, and Rules C and E of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims may also be applicable.

court. Mr. Layman is advised that if he desires to "intervene" in this action, there is a specific and quite simple process which would allow him to become a party to this action, to wit, filing a Claim and an Answer, all of which has been outlined in the previous Order and in this Order.

Having carefully considered Mr. Layman's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Mr. Layman's Motion to Intervene as Defendant be filed by the Clerk of court, and that such motion be **DENIED** without prejudice as to Mr. Layman filing a Claim and Answer.

Signed: April 22, 2009

Dennis L. Howell
United States Magistrate Judge