Zeke Layman
P.O. Box 3662
Chico, California 95927
(530) 343-7068
zeke@powerpolitics.com

In Pro Per

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

1:08cv230

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>        Plaintiff, )<br>Vs. )<br>3039.375 POUNDS OF COPPER )<br>COINS, ET AL., )<br>        Defendants, )<br>Zeke Layman, et al., )<br>        Applicant for intervention ) | **EX PARTE MOTION TO INTERVENE AS DEFENDANT**<br><br>Rule 24(a) |

NOW COMES Zeke Layman to move this court for leave to intervene as a Defendant in this action based upon the fact I have an interest in Defendant Property described in plaintiff's complaint, and I am entitled to the Defendant Property by right of claim and virtue of lawful contractual written certificates.

Date: 4/10/2009

Respectfully Submitted,

Zeke Layman / In Pro Per

```
1   Zeke Layman
    P.O. Box 3662
2   Chico, California 95927
    (530) 343-7068
3
4   In Pro Per
```

FILED
ASHEVILLE, N.C.
APR 22 2009
U.S. DISTRICT COURT
W. DIST. OF N.C.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:08cv230

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Vs. ) | |
| 3039.375 POUNDS OF COPPER COINS, ET AL., ) | **Rule 12(b)(1) and 12(b)(6)** |
| Defendants, ) | |
| Zeke Layman, et al., ) | |
| Applicant for intervention ) | |

## NOTICE OF MOTION

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, Zeke Layman, hereby moves the court for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

////
////
///

# MOTION

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Zeke Layman, Defendant hereby moves the court for dismissal on the grounds that this court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief may be granted.

This motion is based upon the above notice, the accompanying memorandum of points and authorities, and such other oral and documentary evidence as may be presented at the hearing of the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### U.S. CONSTITUTION FORTH AMENDMENT

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized.

### U.S. CONSTITUTION FIFTH AMENDMENT

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

### U.S. CONSTITUTION SIXTH AMENDMENT

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

**PEOPLE V. ONE 1941 CHEVROLET COUPE, 37 Cal.2d 283**

In determining questions of forfeiture on the high seas, the federal courts sit as courts of admiralty and, in accordance with historic admiralty practice, there is no right to a jury trial. In cases of forfeiture arising on land, however, there is a right to a jury trial. (Union Insurance Co. v. United States, 73 U.S. 759, 764-766 [18 L.Ed. 879]; Armstrong's Foundry, 73 U.S. 766, 769 [18 L.Ed. 822]; United States v. Yamoto, 50 F.2d 599, 600; see, also, Dobbins v. United States, 95 U.S. 395, 404 [24 L.Ed. 637]; Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 509 [41 S.Ct. 189, 65 L.Ed. 376]; I Kent's Commentaries 375-376.)

**SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS**

Rule G. Forfeiture Actions In Rem

(8) Motions.
(b) Motion To Dismiss the Action.
(i) A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).

## STATEMENT OF THE CASE

I, Zeke Layman, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that;

1. On November 9, 2007, Special Agent Andrew F. Romagnuolo presented to Dennis L. Howell, U.S. Magistrate Judge an "APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT" containing false and fraudulent allegations wherein he alleged there was money laundering, in violation of 18 U.S.C. Sec. 1956 and 1957; Mail fraud in violation of 18 section 1341 and wire fraud, in violation of U.S.C section 1343, and that the "precious metals" were forfeit-able under Title 18 and 21 U.S.C.

The allegations made by Special Agent Andrew F. Romagnuolo failed to state any claims upon which this court may grant relief, and were made specifically to deny Defendants their constitutional rights to due process and equal protection of the laws.

2. On November 14, 2007 The Property, was seized from the NORFED Fulfillment Office, 225 N. Stockwell Road, Evansville, Indiana, and on November 14, 15, 26 and 29, 2007 The Property was seized at the Sunshine Minting, inc., 750 West Canfield Avenue, Coeur D'Alene, Idaho, and on November 14, 2007, The Property was seized at 7'/2 Green Oak Road, Asheville, North Carolina, and on November 13, 2007, The Property was seized at Integra Bank,

3819 East Morgan Avenue, Evansville, Indiana.

3. Plaintiff gained possession of The Property pursuant to an invalid seizure warrant issued by the United States District Court for the Western District of North Carolina, because Special Agent Andrew F. Romagnuolo made false and fraudulent statements before Dennis L. Howell, U.S. Magistrate Judge.

4. On May 29, 2008, assistant United States attorney, THOMAS R. ASCIK, filed the instant complaint for forfeiture, based upon false and fraudulent statements from Special Agent Andrew F. Romagnuolo, alleging the Liberty Dollars looks like U.S. currency circulating as money, and that The Property can be condemned and forfeited.

These allegations are false and fraudulent and were made specifically to deny Defendants their Property, Constitutional Rights to Due Process and Equal Protection of the laws.

5. The actions taken by Special Agent Andrew F. Romagnuolo and Attorney THOMAS R. ASCIK, were taken specifically to deny Defendants their Constitutional Rights to Due Process and Equal Protection of the laws, and violate all the rules of due process.

## CONCLUSION

Plaintiff has failed to state any claims upon which relief may be granted. For the foregoing reasons and authorities, Defendant Zeke Layman requests that;

(1) This action be dismissed;

(2) the Property be returned; and

(3) defendants be granted such other and further relief as this Court may deem just and proper.

DATED: April 10, 2009                                       Respectfully submitted,

                                                            _____
                                                            Zeke Layman    In Pro Per

# CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is over the age of 18 years and not a party to the within entitled cause of action; and

    That on April 10, 2009 he did serve a copy of the attached

**EX PARTE MOTION TO INTERVENE AS DEFENDANT** and **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing said copy in a post paid envelope addressed to the person(s) hereafter named, at the place(s) and address(es) stated below, which is the last known address(es), and by depositing said envelope and contents in tHe United States Mail at Chico, California.

    a total of 6 pages delivered to the address as follows:

THOMAS R. ASCIK  
ASSISTANT UNITED STATES ATTORNEY  
100 Otis Street  
Asheville, North Carolina 28801

John Robert Seymour  
Baucom Claytor Benton Morgan & Wood  
P.O. Box 35246  
Charlotte, NC 28235

Bernard von NotHausBernard  
225 N. Stockwell Road  
Evansville. IN. 47715

Further, I declare under penalty of perjury that the foregoing is true and correct and that these documents were executed and mailed as above described within California on April 10, 2009.

Dated: 4 / 10 / 2009

William Allen Henderson

# FedEx US Airbill

**From**
- Date:
- Sender's Name: Zeke Loyanga
- Sender's FedEx Account Number:
- Company:
- Address: P.O. Box 1114
- City: Caco  State: CA  ZIP: 95977
- Phone: 530-446-2762

**2 Your Internal Billing Reference**

**3 To**
- Recipient's Name: Federal District Court
- Company: Miss Oaks Street
- Address:
- City: Asheville  State: N.C.  ZIP: 28801

**4a Express Package Service**
- [x] FedEx Priority Overnight
- [ ] FedEx 2Day
- [ ] FedEx Standard Overnight
- [ ] FedEx Express Saver

**4b Express Freight Service**

**5 Packaging**
- [ ] FedEx Envelope
- [x] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**

**7 Payment** Bill to:
- [x] Sender

**8 Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

Tracking #: 8696 1596 6789

FedEx label:
TRK# 0200 8696 1596 6789
XX AVLA
WED - 22 APR
PRIORITY OVERNIGHT
emp# 2260715  21APR09 13:00