Zeke Layman
P.O. Box 3662
Chico, California 95927
(530) 343-7068
zeke@powerpolitics.com

In Pro Per

FILED
ASHEVILLE, N.C.

JUN 3 0 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

1:08cv230

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>Vs.<br><br>3039.375 POUNDS OF COPPER COINS, ET AL.,<br><br>    Defendants,<br><br>Zeke Layman,<br><br>    Claimant | **OPPOSITION TO MOTION TO EXTEND STAY**<br><br>18 U.S.C.A. § 981 (G)(3) |

    NOW COMES Zeke Layman, Claimant herein, moves the court in opposition to plaintiff's motion to stay discovery and other proceedings in this civil forfeiture case. In support of this Motion, Claimant shows this court the following.

    1. This civil-forfeiture action was filed on May 29, 2008, and an Order and Warrant for Arrest in Rem of the defendant property was issued by the Court on June 11, 2008. (Documents 1,2)

    2. On June 20, 2008 the Court granted a stay, and on October 21, the Court extended the

stay until June 20, 2009. The stay has been effect for more than a year. (documents 4, 7, and 40)

**Civil Discovery Would Not Adversely Affect the Criminal Case**

3. In their Motion to Extend the Stay Beyond June 20, 2009, Plaintiff alleges on page 4, at paragraph 13, that the "two cases are more than similar", and that "the Indictment is more than a related criminal case."

4. At paragraph 12 of page 4 of Plaintiff's motion, it is stated that "As the attached Affidavit of FBI Special Agent Andrew Romagnuolo also demonstrates, the indictment in the criminal case has led to new evidence, which evidence may reasonably be expected to affect the resolution of the present civil-forfeiture case. The affidavit also demonstrates that the criminal investigation is continuing."

5. The Affidavit of FBI Special Agent Andrew Romagnuolo states that new witnesses have come forward and that he is investigating new evidence that pertains to both the civil forfeiture and criminal cases. He theorizes at paragraph 8 of his Affidavit, "that additional time to investigate the new evidence should be relevant to the resolution of the civil-forfeiture case", but he shows nothing as to how the evidence or why the additional time will be relevant for the civil-forfeiture case. Further, and again without any showing of how or why, in his affidavit, FBI Special Agent Andrew Romagnuolo says that it is his "opinion that civil discovery would seriously impair preparation for trial and the continuing criminal investigation."

6. Neither, The Affidavit of Special Agent Andrew Romagnuolo of Federal Bureau of Investigation, or his "opinion" stated in his affidavit, show that staying discovery in this case will in any way adversely affect the government's ability to conduct a related criminal investigation and prosecution of a related criminal case.

7. This claimant is not interested in discovering the identity or any information relating to any witnesses that the government has for the civil or criminal case, and is willing to accept a protective order limiting the civil discovery.

**Liberty Dollar Coins are not Counterfeit, Contraband or Paraphernalia and do not Resemble Coins of the United States**

8. There is nothing intrinsically illegal in character with the coins or currency that were

seized by plaintiff. Plaintiff's complaint states at paragraph 57 on page 9 that, "American Liberty Dollar coins are minted in silver, gold, platinum, and copper". The coins were also found to be .999 fine and weighing the ounce weight ascribed on the coin. None of the Liberty Coins, contain any alloy or mixture of metals which distinguishes them from United States coins and are further distinguished by their weight of precious metal.

9. Liberty Coins do not have the words "E-Plurbus-Unum", "In God We Trust", or "United States of America". The "Liberty Coins" have the word "ounce" on them, which no United Sates coins or currency contain.

### Court May Determine That a Stay is Unnecessary

10. Section 981 (g)(3) of Title 18 of the United States code provides that,

> With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

11. Pursuant to the above section 981 (g)(3) of Title 18, Claimant, Zeke Layman moves the Court to determine that a stay is unnecessary in this case and make an order limiting discovery in a way that would not unfairly limit the ability of any party to pursue the Civil case.

WHEREFORE, Claimant Zeke Layman, for the reasons stated in this Opposition and the attached Affidavit of Zeke Layman in Support of Opposition to Motion to Extend Stay, requests that this Court deny the Extension of the stay, and make an order allowing "limited" discovery in a way that would not unfairly limit the ability of all parties to pursue the Civil case.

Respectfully submitted this the 26th day of June 2009.

_____
Zeke Layman   In Pro Per

- 3 -
Case 1:08-cv-00230-MR-DLH   Document 51   Filed 06/30/09   Page 3 of 6

# AFFIDAVIT OF ZEKE LAYMAN IN SUPPORT OF OPPOSITION TO MOTION TO EXTEND STATY

I, Zeke Layman, declare the following,

1. I make this declaration of my own personal knowledge, and if called upon to testify to the matters stated herein I would be competent and willing to do so. As to facts stated on information and belief, I am informed and believe that those matters are true and correct. I make this declaration in support of my Opposition to Motion to Extend Stay.

2. I am a Claimant in the above entitled case and have an interest in and am entitled to possess and enjoy the property described as "Defendants" herein.

3. Liberty Dollar Coins are not Counterfeit, Contraband or Paraphernalia and do not Resemble Coins of the United States.

4. Liberty Coins do not have the words "E-Plurbus-Unum", "In God We Trust", or "United States of America" written on them.

5. An extension of the stay will deny me the right to the enjoyment of my property.

6. I am requesting that this Court determine that a stay is unnecessary, deny the Extension of the Stay, and make an order allowing "limited" discovery in a way that would not unfairly limit the ability of all parties to pursue the Civil case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2009

Zeke Layman, In Pro Per

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing **OPPOSITION TO MOTION TO EXTEND STAY 18 U.S.C.A. § 981 (G)(3)** was mailed to

THOMAS R. ASCIK
Assistant United States Attorney
100 Otis Street
Asheville, North Carolina 28801

John Robert Seymour
Baucom Claytor BentonMorgan & Wood
P.O. Box 35246
Charlotte, NC 28235

on June 26, 2009.

_____
Zeke Layman

Zeke Layman
P.O. Box 3662
Chico, Ca. 95927

Federal District Court Clerk
100 Otis Street
Asheville, N.C. 28801