IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV230

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| **3039.375 POUNDS OF COPPER COINS,** *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **ZEKE LAYMAN,** | ) | |
| | ) | |
| Claimant. | ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation, filed April 28, 2009, and the objections thereto filed by Zeke Layman on May 5, 2009.

## I. PROCEDURAL HISTORY

The United States filed this forfeiture *in rem* action on May 29, 2008, seeking forfeiture of the Defendant properties pursuant to 18 U.S.C. § 492

seized by federal law enforcement agencies as a result of an investigation of the National Organization for the Repeal of the Federal Reserve and Internal Revenue Codes ("NORFED").  **See Verified Complaint for Forfeiture In Rem, filed May 29, 2008.**   The Government alleges that certain persons within NORFED have been issuing and disseminating the American Liberty Dollar in the form of "coins, paper currency . . . and eLiberty Dollars (Digital Dollars)" with the intention that the Liberty Dollars "limit reliance on and to compete with Federal Reserve Notes."  **Id. at 5.**  The Government further alleges that these Defendant properties are subject to forfeiture because they are "counterfeit of coins and obligations and other securities of the United States." **Id. at 21.**

A number of persons have filed claims herein alleging an interest in the Defendant properties.  Zeke Layman first appeared in this action by filing a "Motion to Intervene for Detinue and Delivery of Properties" on August 21, 2008.  By Order filed the same date, the Magistrate Judge denied Layman's motion to intervene as "non-justiciable" due to his lack of standing before the Court; however, the Magistrate Judge also provided Layman with an outline of the appropriate procedure for filing a claim and answer herein.  Further, Layman was admonished to discontinue his efforts

to conduct *ex parte* communications with the Court.  **See Order, filed August 21, 2008.**

Some months later in April 2009, Layman filed another motion to intervene along with a motion to dismiss.[1]  **See Ex Parte Motion to Intervene as Defendant, Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities, filed April 13, 2009.**  In his Order filed April 22, 2009, the Magistrate Judge noted that Layman's previous motion to intervene had been denied, that he had been cautioned against *ex parte* filings, and that by continuing such conduct, Layman was "disobeying the instructions of this court and that further disobedience may result in the imposition of sanctions, which could include a limitation of his right to make filings with the Clerk without court approval."  **Order, filed April 22, 2009, at 2.**  The Order denied Layman's motion to intervene without prejudice to his filing a claim and answer.  *Id*. **at 3.**

On April 27, 2009, Layman filed a second motion to dismiss along with a claim of his interest in the Defendant properties.  On April 28, 2009, the Magistrate Judge entered a Memorandum and Recommendation

---

[1] This same pleading was filed a second time, inadvertently, on April 22, 2009 (Doc. 44).

stating that because Layman was not a party to this action and had been cautioned "on two previous occasions by court Order of the proper method for becoming a party and the consequences of repeated frivolous filings," he was recommending to this Court that Layman's motion be denied for lack of standing and a system of pre-filing review be imposed on any future filings made by Layman. ***See* Memorandum and Recommendation, filed April 28, 2009, at 1-2.** Layman timely filed objections to the Memorandum and Recommendation claiming he had established standing in this cause by the filing of his claim on April 27, 2009, and that he had obeyed the Magistrate Judge's previous instructions by appropriately filing this claim. ***See* Objection to Memorandum and Recommendation, filed May 5, 2009.** He also denied that he had filed "any frivolous papers" or shown "any vexatious conduct" that would support a pre-filing injunction against him. *Id.*

## II.  STANDARD OF REVIEW

A party may file written objections to a Magistrate Judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must

specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C. 1997);** *see also*, **Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." ***Id.*** "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." ***Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004);** *see also* **Jones v. Hamidullah*, 2005 WL 3298966, at \*3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].")**. General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in

waiver of appellate review. **Tyler v. Beinor**, 81 F. App'x 445, 446 (4th Cir. 2003); **United States v. Woods**, 64 F. App'x 398, 399 (4th Cir. 2003). Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" **Diamond v. Colonial Life & Accident Ins. Co.**, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note).

### III. DISCUSSION

Rule G of the Supplemental Rules for Asset Forfeiture Actions provides that a person who "asserts an interest in [a] defendant property may contest the forfeiture by filing a claim" with the Court; such claim must:

(A)  identify the specific property claimed;
(B)  identify the claimant and state the claimant's interest in the property;
(C)  be signed by the claimant under penalty of perjury; and
(D)  be served on the government attorney[.]

**Rule G(5)(a)(i).** Additionally,

a claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

**Rule G(5)(b).** It appears to the Court that Layman has satisfied the Rule's requirements for filing a claim; however, his motion to dismiss, which is substantially identical to that filed April 13, 2009, is totally without merit and contains wholly unsupported allegations of perjury and fraud by the United States.

> Federal Rule of Civil Procedure 11 provides in pertinent part:
>
> By presenting to the court . . . a pleading, . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
>     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>     (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;
>     (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).** Although the Court must not hold *pro se* litigants to the strict pleading requirements to be followed by licensed legal practitioners, they do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 F. App'x 918 (10th Cir. 2002);**

***Tinker v. Hanks***, 255 F.3d 444, 445 (7th Cir. 2001); ***In re Vincent***, 105 F.3d 943 (4th Cir. 1997).

The Court finds that by the filing of his claim, Zeke Layman has standing before this Court and his motion to dismiss cannot be denied on that basis as recommended by the Magistrate Judge. Rather, the Court finds such motion to be frivolous on its face and totally without merit. Although no pre-filing review will be imposed at this time, Mr. Layman is hereby warned that future frivolous filings may result in the imposition of sanctions pursuant to Rule 11 and this Court's inherent powers. Such sanctions may include directives of a non-monetary nature, an order to pay a penalty into court, an order directing payment of reasonable attorneys' fees incurred, and/or an injunction against making any filings within the Western District of North Carolina. ***Vestal v. Clinton***, 106 F.3d 553 (4th Cir. 1997); ***Foley v. Fix***, 106 F.3d 556 (4th Cir. 1997); ***In re Head***, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994); 28 U.S.C. §1651(a); **In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the motion to dismiss filed by Zeke Layman is **DENIED.**

**IT IS FURTHER ORDERED** that Mr. Layman is afforded 15 days from entry of this Order in which to file an answer in compliance with Rule G of the Supplemental Rules for Asset Forfeiture Actions.

The Court respectfully refers the Government's Motion to Extend Stay and related pleadings to the Magistrate Judge for disposition.

Signed: July 15, 2009

Lacy H. Thornburg
United States District Judge