# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:08cv230

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| 3039.375 POUNDS OF COPPER | ) | |
| COINS, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the government's Motion to Extend Stay Beyond June 20, 2009, Pursuant to 18 U.S.C. § 981(g)(1).

The court has considered the Motion to Extend Stay Beyond June 20, 2009, Pursuant to 18 U.S.C. § 981(g)(1). The government has shown that there is an on going criminal investigation that has now lead to the indictment in 5:09cr27 of Bernard von NotHaus, William Kevin Innes, Sarah Jane Bledsoe, and Rachelle L Moseley, wherein the Grand Jury has alleged violations of Title 18, Unites States Code, Sections 371, 1341 and 2, 485 and 2, 486 and 2, 1341 and 2. In addition to such Title 18 violations, allegations of criminal forfeiture have also been therein made. See United States v. NotHaus, 5:09cr27, Docket Entry #3. Mr. Von Nothaus

-1-

is both a claimant in this action and a defendant in the criminal proceeding.

Inasmuch as a claimant has opposed the Motion to Extend Stay and seeks entry of a protective order, the court's inquiry begins with a review of the applicable statute:

> (g) (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> * * *
>
> (3) With respect to the impact of civil discovery described in paragraphs (1) . . . the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

18 U.S.C. § 981(g)(1) & (3). Clearly, civil discovery in this matter would adversely affect the ability of the government to conduct the prosecution of a related criminal case, to wit, 5:09cr27. Clearly, allowing discovery in this case at this time would run afoul of the criminal discovery orders entered in 5:09cr27. Discovery in a federal criminal case is governed by Rule 16, Federal Rules of Criminal Procedure, which does not allow the broad inquiry provided under Rule 26, Federal Rules of Civil Procedure. See United States v. All Funds on Deposit in Suntrust Account Number

-2-

XXXXXXXXX8359, in Name of Gold , 456 F.Supp.2d 64, 65 (D.D.C. 2006).

Having found Section 981(g)(1) to be applicable, the undersigned will now consider whether civil discovery could go forward by fashioning the protective order claimant Zeke Layman seeks in his opposition. See Opposition, Docket Entry # 51. Review of the opposition in light of the requirements of Section 981(g)(3) reveals that this court is specifically prohibited from issuing the proposed protective order requested by claimant Zeke Layman, because such "would . . . allow one party to pursue discovery while the other party is substantially unable to do so."

Unlike typical forfeiture cases involving United States currency, the government contends that the *res* in this matter is contraband in both this civil action and in the criminal proceeding. A determination in the criminal proceeding as to whether the coins are counterfeit or contraband may impact the claims of ownership in this action, 18 U.S.C. § 983(d)(4), as collateral estoppel from the criminal matter may bar relitigating a forfeiture finding in this action. Concepcion v. United States, 298 F.Supp.2d 351, 357 (E.D.N.Y. 2004). Further, the affidavit of the case agent indicates that the *res* in this action is needed as evidence in the criminal prosecution, Affidavit of Romagnuolo, at ¶ 7, and it would appear that allowing this civil action to move forward would impact the fifth amendment rights of those indicted in the criminal action.

The Motion to Extend Stay will, therefore, be granted and discovery as well as all other proceedings in this civil matter shall be stayed for six months, at which time such stay shall automatically dissolve unless the government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's Motion to Extend Stay Beyond June 20, 2009 Pursuant to 18 U.S.C. § 981(g)(1) (#50) is **GRANTED,** and discovery as well as all other proceedings in this civil matter are **STAYED** for an additional six months, at which time such stay shall automatically dissolve unless the government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Signed: July 20, 2009

Dennis L. Howell
United States Magistrate Judge