UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV230

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| 3039.375 POUNDS OF COPPER COINS, | ) ) | |
| 5930.32 TROY OUNCES OF SILVER COINS, | ) ) | |
| 63.24 TROY OUNCES OF GOLD COINS, | ) ) | SIXTH |
| 3 PLATINUM COINS, | ) ) | MOTION |
| 168,599 SILVER TROY OUNCE COINS, | ) ) | PURSUANT TO |
| 147 GOLD TROY OUNCE COINS, | ) ) | 18 U.S.C. § 981(g)(1) |
| 17 GOLD .05 TROY OUNCE COINS, | ) ) | TO EXTEND STAY |
| 710 SILVER .5 TROY OUNCE COINS, | ) ) | -- |
| 11 SILVER BARS AND SILVER SCRAP TOTALING 10,720.60 TROY OUNCES, | ) ) ) | TO JUNE, 10, 2011 |
| 1,000.5 TROY OUNCES OF SILVER COINS, | ) ) | |
| 1,000.5 TROY OUNCES OF SILVER COINS, | ) ) | |
| DIES, MOLDS, AND CASTS SEIZED AT SUNSHINE MINTING, INC. ON NOVEMBER 14, 2007, | ) ) ) ) | |
| 16,000.05 TROY OUNCES OF RAW SILVER, | ) ) | |
| 100 OUNCES OF COPPER COINS, | ) | |

1

| | )|
|---|---|
| and | ) |
| | ) |
| **$254,424.09  IN UNITED STATES CURRENCY**, | ) ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

NOW COMES the United States of America, plaintiff herein, by and through, Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and herewith moves, pursuant to 18 U.S.C. § 981(g)(1), **to further extend the stay** of discovery and other proceedings in this civil forfeiture case **from January 11, 2011, until June 10, 2011**, because civil discovery and other proceedings will adversely affect the United States' ability to prosecute a related criminal case and because litigation of this case will affect the constitutional rights of criminal defendants, claimants, witnesses, and other persons.  In support of this Motion, the United States shows the Court the following.

## Case is Presently Stayed

1.  In this civil-forfeiture action filed on May 29, 2008, the Court has, upon Motions of the United States, issued five Stays, the last of which is due to expire on January 11, 2011.  The Stays of the Court have been issued pursuant to 18 U.S.C. § 981(g)(1), which holds "the court *shall stay* the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a *related* criminal case."(emphasis added).  Orders of the Court: Documents 7 (June 20, 2008), 40 October 21, 2008), 54 (July 20, 2009), 58 (July 7, 2010).

2. The United States incorporates and restates herein its five previous Motions to Stay together with attached Affidavits. Documents 4, 38, 50, 55.

**Continuing Rationales for Extending the Stay**

3. The following previously-pleaded rationales, now renewed herein, for extending the Stay in this action, continue to apply:

(a) there was a related and ongoing criminal investigation that later became a related indictment in this Court, case 5:09cr27, *United States v. Bernard von Nothaus, William Kevin Innes, Sarah Jane Bledsoe, and Rachelle L . Moseley*, filed on May 19, 2009;

(b) the defendant property in this civil forfeiture *in rem* is the same property that has been noticed for forfeiture in that indictment;

(c) the present case and the related indictment are based on the same factual events;

(d) the two cases have common parties; three of the four indicted criminal defendants, that is, Bernard von Nothaus, William Kevin Innes, and Sarah Jane Bledsoe, are mentioned in the Complaint in this case;

(e) requiring the United States to litigate this civil-forfeiture case would adversely affect its ability to litigate the related criminal case; the normal interrogatories, depositions, and other devices of civil discovery go beyond what is required in criminal discovery;

(f) an extension of the stay likewise protects a criminal defendant's, a potential claimant's, or a potential witness' rights under the Fifth Amendment;

3

(g) because of the imperatives of speedy trial, 18 U.S.C. § 3161 *et seq.*, the law requires the United States' Attorney and the Court to devote its resources to the criminal case at this time; there is no comparable speedy-trial imperative in federal civil litigation;

(h) the coins and metals in this case may be found by the Court to be contraband in the criminal case, which means that they could not be owned by or returned to any claimant in this civil case;

(i) thus, a resolution in the criminal case of the issue of whether certain assets are contraband may serve as an estoppel or *res judicata* in the civil case; and other findings and ruling concerning forfeiture in the criminal case may affect the civil case;

(j) the property alleged to be subject to civil forfeiture will be needed as exhibits in the criminal case, but the separate civil case, advancing on its own schedule, could jeopardize the availability of those assets in the criminal case.

## Status Report

### Criminal Case Set for Disposition on March 8, 2011

4. It appears almost certain that the criminal case is now set for final disposition. After granting previous continuances, including the appointment of new counsel for one of the defendants, the Court has now docketed the related criminal case for jury selection on March 8, 2011. The United States had filed a Superseding Bill of Indictment on November 17, 2010.

### No new developments in the present civil case

5. During the current Stay, there have been no new developments in the this civil-forfeiture case.

### Extra time needed between civil and criminal cases

6. If, as appears likely, the criminal case will be resolved in March 2011 and if forfeiture is part of the verdict, the United States will have significant responsibilities in setting up the procedures for processing the criminal forfeiture, including notifying possible claimants. As the Court is aware, there are national organizations involved or concerned with the two cases. Some breathing room between the criminal and civil cases will promote efficiency for all possible parties and for the Court.

WHEREFORE, the United States requests that the Court extend the stay until **June 10, 2011**.

Respectfully submitted this the 7th day of January, 2011.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY


s/ THOMAS R. ASCIK
ASSISTANT UNITED STATES ATTORNEY
North Carolina Bar No. 17116
Attorney for the United States
100 Otis Street
Asheville, North Carolina 28801
Telephone: 828-259-0644
Fax: 828-271-4670
E-mail: thomas.ascik@usdoj.gov


ELECTRONIC SERVICE
John Robert Seymour

at jseymour@baucomclaytor.com

and

Robert J. Stienjes
at rstienttjes@taxdefensefirm.com

  Co-counsel to:

    Dave Gillie
    Jeff Kotchounian
    Alan McConnell
    Mary S. Nothouse
    Tom Olmsted
    Dan Morrow
    Matt Pitagora
    Daniel Priest
    Vernon Robinson
    Bernard von NotHaus
    William H. Wesson
    Karl Reile
    Gerhard Reile
    Janet Lee Meisinger
    Shelter Systems, LLC

<u>SERVICE BY MAIL</u>
Zeke Layman, *pro se*
P.O. Box 3662
Chico, California 95927

Tina M Hal, intervenor
18703 1st Avenue CT S # 12
Spanaway, WA 98387