# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv230

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| 3039.375 POUNDS OF COPPER ) | |
| COINS, et al., ) | |
| ) | |
|     Defendants. ) | |
| _____ ) | |

Pending before the Court is the Motion to Stay [# 62]. The Government moves to extend the current stay in this matter until December 10, 2011, pursuant to 18 U.S.C. § 981(g)(1). No response to the motion was filed.

The Court has considered the Motion to Stay. The Government has shown that there is an on going criminal prosecution, United States v. NotHaus, et al., 5:09cr27 (W.D.N.C. 2009), in which it is alleged that Bernard von NotHaus, William Kevin Innes, Sarah Jane Bledsoe, and Rachelle L. Moseley, have violated Title 18, United States Code, Sections 371, 1341 and 2,485 and 2,486 and 2,1341 and 2. In addition to such alleged Title 18 violations, allegations of criminal forfeiture have also been made in the case. Mr. Von Nothaus is both a claimant in this action and a defendant in the criminal proceeding.

The Court will assume that at least one claimant could have renewed their

opposition to such continued stay, and the Court will respectfully consider such objection renewed. The undersigned has conducted an independent review of the official docket in 5:09cr27. The District Court has not yet issued a forfeiture ruling in the case and a Motion for New Trial is pending. The Court determines, therefore, that such related proceeding is both active and ongoing and that the stay of this proceeding is not only necessary to protect Constitutional rights of claimants herein and defendants in the criminal action, it is mandated by Congress as the language of the statute is obligatory:

> (g) (1) Upon the motion of the United States, the court **shall** stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
> 
> \* \* \*
> 
> (3) With respect to the impact of civil discovery described in paragraphs (1) . . . the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

18 U.S.C. § 981(g)(1) & (3) (emphasis added). Civil discovery in this matter would adversely impact the ability of the Government to conduct the prosecution of a related criminal case and allowing discovery in this case at this time would run afoul of the criminal discovery orders entered in 5:09cr27. Discovery in a federal criminal case

is governed by Rule 16, Federal Rules of Criminal Procedure, which does not allow the broad inquiry provided under Rule 26, Federal Rules of Civil Procedure. See United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXX8359, in Name of Gold, 456 F.Supp.2d 64, 65 (D.D.C. 2006).

Unlike typical forfeiture cases involving United States currency, the Government contends that the *res* in this matter is contraband in both this civil action and in the criminal proceeding. A determination in the criminal proceeding as to whether the coins are counterfeit or contraband may impact the claims of ownership in this action, 18 U.S.C. § 983(d)(4), as collateral estoppel from the criminal matter may bar relitigating a forfeiture finding in this action. Concepcion v. United States, 298 F.Supp.2d 351, 357 (E.D.N.Y. 2004). Further, the affidavit of the case agent earlier filed in this action indicates that the *res* in this action is needed as evidence in the criminal prosecution, (Aff. of Romagnuolo, at ¶ 7), and it would appear that allowing this civil action to move forward would impact the fifth amendment rights of those indicted in the criminal action. Further, it appears that the defendant property in this action is the same property that has been noticed for forfeiture in the indictment. If the defendant property is found by the court in the criminal action to be contraband, it could not be returned to claimants in this action.

The Motion to Stay will, therefore, be granted and discovery as well as all other proceedings in this civil matter shall be stayed for an additional six months, at which

time such stay shall automatically dissolve unless the government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Stay [# 62] is **GRANTED,** and discovery as well as all other proceedings in this civil matter are **STAYED** up to and inclusive of December 10, 2011, at which time such stay shall automatically dissolve unless the Government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Signed: June 29, 2011

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge